## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 24 2019, 9:41 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEES |
|---|---|
| Michael D. Hickingbottom<br>Carlisle, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana<br><br>Aaron T. Craft<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael D. Hickingbottom,<br>*Appellant-Plaintiff,*<br><br>v.<br><br>Robert E. Carter, Jr.,<br>Commissioner of the Indiana<br>Department of Correction, Mark<br>Sevier, Warden of Westville<br>Correctional Facility, Troy<br>Cambe, and Unknown<br>Maintenance Workers,<br><br>*Appellees-Defendants.* | September 24, 2019<br><br>Court of Appeals Case No.<br>19A-PL-792<br><br>Appeal from the<br>LaPorte Superior Court<br><br>The Honorable<br>Jeffrey L. Thorne, Judge<br><br>Trial Court Cause No.<br>46D03-1812-PL-2243 |

**Kirsch, Judge.**

[1] Michael D. Hickingbottom ("Hickingbottom") appeals the trial court's order dismissing his complaint pursuant to Indiana Code section 34-58-1-2. Hickingbottom contends that the trial court erred in dismissing his complaint.

[2] We affirm.

## Facts and Procedural History

[3] Hickingbottom is an inmate in the Westville Correctional Facility, which is a part of the Indiana Department of Correction. Beginning in February 2018, Hickingbottom filed several grievances regarding various conditions in the facility. Specifically, Hickingbottom alleged that the cells in the segregated unit where he was housed were too cold and that the cold air was being used as punishment for inmates in that unit. *Appellant's App. Vol. 2* at 27-29. He also alleged that the water in his unit was brown or orange in color and was contaminated, which was making him sick. *Id*. at 30-32. These grievances were all denied. Claiming these prison conditions violated his constitutional rights, Hickingbottom filed a complaint for damages against Robert E. Carter, Jr., Commissioner of the Indiana Department of Correction, Mark Sevier, Warden of Westville Correctional Facility, Troy Cambe, Grievance Specialist for Westville Correctional Facility, and Unknown Maintenance Workers asserting violations of his civil rights under 42 United States Code section 1983. *Id*. at 18-27. On December 28, 2018, the trial court dismissed Hickingbottom's complaint pursuant to Indiana Code section 34-58-1-2 and for failing to comply with the requirements of Indiana Code sections 34-13-3-1, 34-13-3-3, 34-13-3-4,

34-13-3-8, 34-13-3-11, 34-13-3-12, and 34-13-7-1. *Id.* at 38-39. In its order, the trial court gave Hickingbottom thirty days to file additional pleadings or documents to remedy any of the deficiencies referenced in the order. *Id.* at 39. Hickingbottom filed a motion to correct deficiencies, in which he attempted to correct deficiencies associated with Indiana Code sections 34-13-3-1, 34-13-3-3, 34-13-3-4, 34-13-3-8, 34-13-3-11, 34-13-3-12, and 34-13-7-1. *Id.* at 8-9. On February 15, 2019, the trial court issued another order, dismissing Hickingbottom's complaint pursuant to Indiana Code section 34-58-1-2. Hickingbottom now appeals.

## Discussion and Decision

[4] Hickingbottom argues that the trial court erred in dismissing his complaint. Indiana Code section 34-58-1-1 provides, "Upon receipt of a complaint or petition filed by an offender, the court shall docket the case and take no further action until the court has conducted the review required by section 2 of this chapter." Indiana Code section 34-58-1-2, in turn, provides in pertinent part:

> (a) A court shall review a complaint or petition filed by an offender and shall determine if the claim may proceed. A claim may not proceed if the court determines that the claim:
>
> (1) is frivolous;
>
> (2) is not a claim upon which relief may be granted; or
>
> (3) seeks monetary relief from a defendant who is immune from liability for such relief.

(b) A claim is frivolous under subsection (a)(1) if the claim:

(1) is made primarily to harass a person; or

(2) lacks an arguable basis either in:

(A) law; or

(B) fact.

If a court determines that a claim may not proceed under section 2, "the court shall enter an order: (1) explaining why the claim may not proceed; and (2) stating whether there are any remaining claims in the complaint or petition that may proceed." Ind. Code § 34-58-1-3.

[5] Hickingbottom argues that the trial court erred when it dismissed his complaint. He specifically asserts that the trial court violated his due process rights when it dismissed his complaint for failing to comply with Indiana Code sections 34-13-3-1, 34-13-3-3, 34-13-3-4, 34-13-3-8, 34-13-3-11, 34-13-3-12, and 34-13-7-1. He contends that he substantially complied with these statutes, and, therefore, the trial court erroneously dismissed his complaint.

[6] In the present case, on December 28, 2018, the trial court initially issued an order dismissing Hickingbottom's complaint pursuant to Indiana Code section 34-58-1-2 and for failing to comply with Indiana Code sections 34-13-3-1, 34-13-3-3, 34-13-3-4, 34-13-3-8, 34-13-3-11, 34-13-3-12, and 34-13-7-1. However, the trial court gave Hickingbottom the opportunity to file additional pleadings

to cure the deficiencies referenced in the order. Hickingbottom filed a subsequent motion in which he cured the deficiencies associated with Indiana Code sections 34-13-3-1, 34-13-3-3, 34-13-3-4, 34-13-3-8, 34-13-3-11, 34-13-3-12, 34-13-7-1. The trial court then issued its final order on February 15, 2019, dismissing Hickingbottom's complaint pursuant to Indiana Code section 34-58-1-2. It is that final order from which Hickingbottom appeals.

[7] Although Hickingbottom argues that the trial court erred and violated his due process rights when it dismissed his complaint for failure to comply with Indiana Code sections 34-13-3-1, 34-13-3-3, 34-13-3-4, 34-13-3-8, 34-13-3-11, 34-13-3-12, and 34-13-7-1, in its final order on February 15, 2019, the trial court did not base the dismissal of his complaint on a failure to comply with those statutory sections. Instead, the trial court based its dismissal only on Indiana Code section 34-58-1-2. Here, Hickingbottom has not argued or demonstrated any error in the trial court's order finding that his claim should be dismissed pursuant to that section.

[8] It is well settled that pro se litigants are held to the same legal standards as licensed attorneys. *Basic v. Amouri*, 58 N.E.3d 980, 983 (Ind. Ct. App. 2016). "This means that pro se litigants are bound to follow the established rules of procedure and must be prepared to accept the consequences of their failure to do so." *Id*. at 983-84. These consequences include waiver for failure to present cogent argument on appeal. *Id*. at 984. "While we prefer to decide issues on the merits, where the appellant's noncompliance with appellate rules is so substantial as to impede our consideration of the issues, we may deem the

alleged errors waived." *Id.* We will not become an "advocate for a party, or address arguments that are inappropriate or too poorly developed or expressed to be understood." *Id.* In the present case, Hickingbottom has not raised any argument as to why the trial court erred in dismissing his complaint pursuant to Indiana Code section 34-58-1-2. We, therefore, conclude that he has waived review of the issue, and we affirm the trial court's order dismissing Hickingbottom's complaint.

[9] Affirmed.

Baker, J., and Crone, J., concur.